UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DELORES SCONIERS,**

    **Plaintiff,**

vs.

Case No.: _____

**EDWARD WATERS COLLEGE, INC.**
**a Florida not for profit corporation;**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, DELORES SCONIERS, by and through her undersigned attorneys, hereby sues the Defendants, EDWARD WATERS COLLEGE, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331.

2. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. Plaintiff, DELORES SCONIERS (hereinafter "SCONIERS") is a resident of Duval County, Florida.

4. Defendant, EDWARD WATERS COLLEGE, INC. (hereinafter "COLLEGE") is a Florida corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

### ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual-filed a charge of discrimination (attached hereto as Exhibit A) with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on

1

Human Relations (FCHR).

6. The EEOC has issued a Notice of Right to Sue (attached hereto as Exhibit B).

7. All conditions precedent to the filing of this Complaint have been met.

## **GENERAL ALLEGATIONS**

8. Plaintiff, SCONIERS, began her employment with Defendants on or around January 6, 2001.

9. Plaintiff, SCONIERS, was employed by Defendants as a College Chaplain/Director of Campus Ministry & as a Religion Professor.

10. In January 2018, Plaintiff, SCONIERS, was involved in a motor vehicle accident and suffered injuries therefrom, including scoliosis, sciatic nerve pain, lower back inflammation, herniated disc, torn ligament, and exacerbation of her osteoarthritis, which substantially limited one or more major life activities. She was still able to perform the essential functions of her job.

11. In June 2018, Plaintiff, SCONIERS, applied for medical leave under the Family and Medical Leave Act (FMLA) for June 28, 2018 through July 3, 2018 so that she could receive trigger point injections and a nerve block procedure.

12. However, on June 28, 2018, Plaintiff, SCONIERS, while undergoing an FMLA-covered procedure, was called to meet with the Executive Vice President along with Human Resources for the purpose of providing her with her performance evaluation.

13. Plaintiff SCONIERS advised that she was undergoing a medical procedure and would be on bed rest, pursuant to her doctor's instructions.

14. On July 3, 2018, Plaintiff SCONIERS, while still out on Family Medical Leave, was advised that her Family Medical Leave was denied and she was terminated.

15. Plaintiff appealed her termination pursuant to Defendant COLLEGE's policies and

procedures but Defendant declined to rescind or reverse her termination.

## COUNT I
## DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT

16. Plaintiff adopts and realleges Paragraphs 1 through 15 as if set out in full herein.

17. At all times material hereto, Defendant was the employer of Plaintiff, the employee, under the law.

18. By terminating Plaintiff, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability, in violation of the Florida Civil Rights Act.

19. Defendant failed to provide Plaintiff reasonable accommodations for her disability.

20. As a result of Defendant's unlawful discrimination, Plaintiff has suffered past and present damages and will suffer future damages, as set forth below.

WHEREFORE, Plaintiff prays for the following past and future damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney's fees;

    g. Punitive damages; and

    h. Any other relief this Court deems just and equitable.

## COUNT II

## DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT

21. Plaintiff adopts and realleges Paragraphs 1 through 15 as if set out in full herein.

22. At all times material hereto, Defendant was the employer of Plaintiff, the employee, under the law.

23. By terminating Plaintiff, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability, in violation of the Americans with Disabilities Act.

24. Defendant failed to provide Plaintiff reasonable accommodations for her disability.

25. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages and therefore prays for the following relief:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney's fees;

    g. Punitive damages; and

    h. Any other relief this Court deems just and equitable.

## COUNT III
## FMLA RETALIATION

26. Plaintiff adopts and realleges Paragraphs one through 15 as if set out in full herein.

27. By the conduct described above, Defendant discriminated against the Plaintiff for

asserting her FMLA rights.

28. Defendant's actions constitute violations of the FMLA.

29. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer the following past and future damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorney's fees;

    g. For any other relief this Court deems just and equitable.

## COUNT IV
## FAMILY MEDICAL LEAVE ACT - INTERFERENCE

30. Plaintiff adopts and realleges Paragraphs one through 15 as if set out in full herein.

31. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of her FMLA rights.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer the following past and future damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f.     Costs and attorney's fees;

    g.     For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

DATED this 1st day of April, 2020.

**FLORIN ROEBIG, P.A.**

 /s/ Parker Y. Florin
**THOMAS D. ROEBIG, JR., ESQUIRE**
Florida Bar No.: 0651702
Primary Email:   TDR@FlorinRoebig.com
Secondary Email:  Lisa@florinroebig.com
**PARKER Y. FLORIN, ESQUIRE**
Florida Bar No.: 0127139
Primary Email:     PFlorin@FlorinRoebig.com
Secondary Email:   Lisa@FlorinRoebig.com
**TAYLOR D. ROEBIG, ESQUIRE**
Florida Bar No.: 1002817
Primary Email:  TaylorRoebig@FlorinRoebig.com
Secondary Email:   Lisa@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff